PAOLA ROY *v.* METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
(AC 26780)

Bishop, Gruendel and Rogers, Js.

---

Argued October 10—officially released November 28, 2006

*Alfred F. Morrocco, Jr.*, for the appellant (plaintiff).

*Steven B. Ryan*, with whom, on the brief, were *Joel J. Rottner* and *Susan L. Miller*, for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff, Paola Roy, appeals from the judgment of the trial court rendered following the granting of the motion for summary judgment filed by the defendant, the Metropolitan Property & Casualty Insurance Company. On appeal, the plaintiff claims that the court improperly rendered summary judgment on the basis that her claim was barred because she failed to commence suit within one year of the date of the loss, as required by the insurance policy. We conclude that the record reflects a material question of fact as to whether the defendant waived its right to enforce

the one year limitation of suit provision in the insurance contract. We therefore reverse the judgment of the trial court.

The following factual and procedural history is relevant to the resolution of this appeal. On or about December 15, 2001, the plaintiff sustained a loss and damage to personal and real property located at her residence as a result of an explosion from a firearm. At the time of the incident, the plaintiff had a homeowner's insurance policy with the defendant. The plaintiff made a claim against the policy for payment of loss and damages. By way of correspondence dated March 12, 2002, the defendant notified the plaintiff that the policy did not cover her personal property claim because the damages had not occurred as a result of a named peril listed in her policy. The defendant also issued a check for the "undisputed damages to the dwelling that resulted from the loss."

By complaint dated July 19, 2004, the plaintiff commenced this action against the defendant. The plaintiff subsequently filed an amended complaint alleging that, on December 15, 2001, she sustained a loss and damage to personal property and real property located at her residence, namely, loss to the walls, insulation and installation of the insulation, property, furniture, china and other items of personal property. The defendant filed an answer denying the plaintiff's allegations and a special defense alleging that the action was barred because the plaintiff did not bring suit within one year of the date of loss, as required by the plaintiff's insurance policy. The plaintiff denied the allegations of the special defense.[1]

---

[1] We note that the defendant did not claim, in the trial court, that the plaintiff's reply to the special defense did not conform to the requirement of Practice Book § 10-57, which, in this case, would require the plaintiff to set forth her claim of waiver. Because neither party raised the issue at trial or on appeal, we merely note the anomaly without addressing it substantively.

The defendant thereafter filed a motion for summary judgment on the basis that the plaintiff's claims were barred by the one year limitation period contained in the insurance policy. The plaintiff objected to the defendant's motion for summary judgment, claiming that the defendant did not reject her claim within the one year period following the loss and, therefore, waived its right to enforce the one year limitation. Finding that there was no proof that the defendant waived that contractual right, the court granted the motion for summary judgment. This appeal followed.

As an initial matter, we set forth the appropriate standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Sherwood* v. *Danbury Hospital*, 278 Conn. 163, 179, 896 A.2d 777 (2006).

On appeal, the plaintiff claims that the defendant waived its right to assert the one year limitation provision in the insurance policy. In support of this argument, the plaintiff relies on her affidavit that she filed with the court in opposition to the defendant's motion for summary judgment, in which she stated that her claim had not been paid in full and that she had not been notified within the one year period following the loss that the defendant was not going to cover her claim.

Because the March 12, 2002 letter referred to "undisputed" claims, the plaintiff asserts that she assumed that the defendant was still investigating the disputed or remaining claims. The plaintiff further indicated in her affidavit that on September 14, 2004, she received a letter from the defendant indicating that it was still investigating her claim and that she was not notified until October, 2004, that the defendant would not be honoring her claim.[2] The plaintiff claims that because the defendant did not notify her that it was rejecting her claim within the one year period following her loss, it waived its right to enforce that contractual provision.

"Waiver involves an intentional relinquishment of a known right. . . . There cannot be a finding of waiver unless the party has both knowledge of the existence of the right and intention to relinquish it. . . . Waiver may be inferred from the circumstances if it is reasonable so to do. . . . Whether conduct constitutes a waiver is a question of fact." (Internal quotation marks omitted.) *Cassella* v. *Kleffke*, 38 Conn. App. 340, 347, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995). The issue of waiver is a question of fact, dependent on all of the surrounding circumstances and the testimony of the parties. See *Frantz* v. *Romaine*, 93 Conn. App. 385, 396–97, 889 A.2d 865, cert. denied, 277 Conn. 932, 896 A.2d 100 (2006).

Here, because the plaintiff received the September 14, 2004 letter beyond the one year period from the date of her loss, it cannot be relied on to excuse the fact that she did not bring suit within the required time. This communication does, however, illuminate a latent

---

[2] Additionally, when the plaintiff attempted to obtain new homeowner's coverage from another insurer, she was informed that she could not obtain coverage because her claim with the defendant was still open. We note that at oral argument before this court, counsel for the defendant conceded that the plaintiff's claim as to insulation and its installation at her residence was still open.

ambiguity in the March 12, 2002 correspondence from the defendant regarding the reference to the "undisputed" claims of the plaintiff, in reference to the same claim number and the possibility that the defendant was, in fact, still investigating other claims made by the plaintiff. The September 14, 2004 correspondence also supports the plaintiff's belief that the defendant did not reject her claim within the year following the loss and that the defendant had, therefore, waived its right to enforce the one year limitation provision in the policy.

As noted, waiver is a question of fact and, in this instance, whether waiver had occurred is a material fact. In light of the foregoing, we conclude that there is a genuine issue of material fact as to whether the defendant waived its right to enforce the one year provision in the plaintiff's homeowner's policy. Accordingly, the court improperly rendered summary judgment in favor of the defendant.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.